**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIKHAIL SAVIN, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | |
| v. | : | Civil No. 12-0096 (DMC) |
| L. FRANCIS, | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    MIKHAIL SAVIN, A 095 302 168
    Delaney Hall Detention Center
    451 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

**CAVANAUGH, District Judge**:

On December 20, 2011, Mikhail Savin, a native of Russia and citizen of Uzbekistan, filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the custody of the Department of Homeland Security ("DHS") on the grounds that it is not statutorily authorized and it violated due process guaranteed by the Fifth Amendment. This Court will summarily dismiss the Petition because Petitioner has not been detained for more than six months after the beginning of the removal period and nothing alleged in the petition "provide[s] good reason to believe that there is no significant likelihood of removal [to Uzbekistan] in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

## I. BACKGROUND

Petitioner states that he is a native of Russia and citizen of Uzbekistan. He alleges that he entered the United States on February 20, 2001 with a visa and overstayed. On August 13, 2004, Immigration Judge John Walsh ordered Petitioner removed as an overstay. The Board of Immigration Appeals denied his appeal on August 5, 2005. Petitioner alleges that DHS took him into custody on October 8, 2011. He maintains that he has fully cooperated in efforts to remove him, but DHS has been unable to remove him to Uzbekistan or any other country. Petitioner asserts that he does not pose a danger to the community or a flight risk. He further asserts:

> Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. Once 2 months have passed, I must be released because there is no reasonable likelihood of removal in the reasonably foreseeable future. In this case, ICE has detained m e for more than 2 months since the issuance of his final order of removal but there is no reasonable likelihood of removal, neither recently, not in the future (according to the "ICE" Deportation Officer Francis L. there is no Feedback connection with the Embassy of Uzbekistan).

(Dkt. 1 at 6.)

Petitioner seeks an order declaring that his continued detention is not authorized by the INA and violates the Fifth Amendment and ordering respondents to release him under supervision.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two

requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v.

3

Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

Once an alien is ordered removed, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins

> on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

4

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of

> course, does not mean that every alien not removed must be
> released after six months. To the contrary, an alien may be held in
> confinement until it has been determined that there is no significant
> likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.[1]

In this case, Petitioner was not taken into the custody of DHS until November 8, 2011. The six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run on that date and will not expire until May 8, 2012. Furthermore, Petitioner "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006). As the Third Circuit explained,

> Once the six-month period has passed, the burden is on the alien to
> 'provide[] good reason to believe that there is no significant
> likelihood of removal in the reasonably foreseeable future . . . .'
> Zadvydas v. Davis, 533 U.S. 678, 701 . . . (2001). Only then does
> the burden shift to the Government, which 'must respond with
> evidence sufficient to rebut that showing.' Id.

Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005).

Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6) because the presumptively reasonable six-month period of detention has not expired and because Petitioner alleges no facts to substantiate the conclusion that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, to make the government respond with evidence sufficient to rebut that showing.

---

[1] In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384.

See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Pierre v. Weber, 2010 WL 1492604 (D.N.J. April 14, 2010) (summarily dismissing § 2241 petition as premature under Zadvydas and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his removal is not reasonably foreseeable).

    Because Petitioner has not made the required showing under Zadvydas, the government need not respond with evidence sufficient to rebut such showing, and Petitioner's detention is authorized by § 1231(a)(6). This Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States. However, the dismissal is without prejudice to the filing of a new § 2241 petition after May 8, 2012, in the event that Petitioner can allege facts substantiating his contention that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably

foreseeable future.[2] See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

### III.  CONCLUSION

The Court will dismiss the Petition because Petitioner has not asserted facts providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

**DENNIS M. CAVANAUGH**
United States District Judge

DATED: ___March 5___, 2012

---

[2] In addition, if Petitioner believes he is unlikely to be removed in the near future, he may request the DHS to review his situation. See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").

8